Case 2:15-cv-04128-JS-ARL   Document 14-1   Filed 12/23/15   Page 1 of 13 PageID #: 50

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

CHENG CHEN, FAN CHAO ZENG, Individually and on behalf of all other employees similarly situated,
                *Plaintiffs*,

-against-

LUMIX HIBACHI RESTAURANT INC. d/b/a LUMIX HIBACHI, QI LIN, MEI YU ZHANG, JIAN XIONG CHEN, TOMMY "Doe", John Doe and Jane Doe # 1-10
                *Defendants*.

Civil Action No.:2:15-cv-04128-JS

## SETTLEMENT AGREEMENT AND GENERAL RELEASE OF CLAIMS

This Settlement Agreement and General Release of Claims (hereinafter, "Agreement") is entered into between CHENG CHEN, FAN CHAO ZENG, and said individual's attorneys, (hereinafter CHENG CHEN and FAN CHAO ZENG shall collectively be referred to as "EMPLOYEES") and LUMIX HIBACHI RESTAURANT, INC., QI LIN, MEI YU ZHANG, and JIAN XIONG CHEN (hereinafter LUMIX HIBACHI RESTAURANT, INC., QI LIN, MEI YU ZHANG, and JIAN XIONG CHEN shall collectively be referred to as "LUMIX HIBACHI").

    A.    WHEREAS, EMPLOYEES have brought forth an action in the United States District Court, Eastern District of New York (15 Cv. 4128), against LUMIX HIBACHI alleging claims pursuant to the Fair Labor Standards Act, the New York State Labor Law, and the regulations promulgated thereunder; and

    B.    WHEREAS, LUMIX HIBACHI has denied EMPLOYEES' claims; and

C. WHEREAS, EMPLOYEES and LUMIX HIBACHI wish to avoid the uncertainties and expense of future proceedings in this matter and desire to forgo any and all future litigation;

D. WHEREAS, LUMIX HIBACHI is willing to enter into this Agreement with EMPLOYEES and to provide EMPLOYEES with the consideration specified in Paragraph 1, below, in exchange for EMPLOYEES' promises set forth in this Agreement; and

E. WHEREAS, the parties have agreed to voluntarily settle this action in exchange for entering into this Agreement.

Based upon the foregoing promises and the consideration to be provided to EMPLOYEES and the other promises set forth below, LUMIX HIBACHI and EMPLOYEES, intending to be legally bound, agree as follows:

1. **Consideration to be Provided to EMPLOYEES.**

In consideration for the promises made by EMPLOYEES set forth in this Agreement, LUMIX HIBACHI promises to pay EMPLOYEES the total sum of Forty-Two Thousand Five Hundred Dollars ($42,500.00). Such payment shall be made in four (4) installments, with the first installment to be paid upon the Court's approval of the settlement, and each subsequent payment to be paid on or before the 25th of each month thereafter beginning on December 25, 2105 and ending on February 25, 2016. Half of each payment to the EMPLOYEES will have taxes deducted and the remaining half, representing liquidated damages, shall be paid by 1099. The payments shall be made as follows: $14,567.00 payable by 1099 to Hang and Associates, PLLC; $6,023.00 payable to CHENG CHEN; and $21,910.00 payable to FAN CHAO ZENG. The payments shall be made under the following schedule:

|  | Hang and Associates | Cheng Chen | Fan Chao Zeng |
|---|---|---|---|
| Upon Court Approval: | $7,283.51 (1099) | $3,011.51 (1099) | $10,995.01 (1099) |
| December 25, 2015: | $2,427.83 (1099) | $1,003.83 less taxes | $3,651.67 less taxes |
| January 25, 2016: | $2,427.83 (1099) | $1,003.83 less taxes | $3,651.66 less taxes |
| February 25, 2016: | $2,427.83 (1099) | $1,003.83 less taxes | $3,651.66 less taxes |

All payments to EMPLOYEES will be forwarded to EMPLOYEES' attorneys, Hang and Associates, PLLC. EMPLOYEES agree that they will be responsible for any taxes due on the said consideration and agree to indemnify and hold harmless LUMIX HIBACHI for any such liability. Prior to such payment being made, EMPLOYEES will forward to LUMIX HIBACHI's counsel a properly executed W-4 and W-9 and EMPLOYEES' attorney will forward to LUMIX HIBACHI's counsel a properly executed W-9.

2. **Adequate Consideration.**

EMPLOYEES expressly stipulate that the consideration referred to in Paragraph 1 constitutes adequate and ample consideration for the rights and claims they are waiving under this Agreement and for the obligations imposed upon them by virtue of this Agreement. EMPLOYEES expressly agree and acknowledge that LUMIX HIBACHI has promised to pay the consideration referred to in Paragraph 1 of this Agreement in exchange for the releases, waivers, and promises made by EMPLOYEES in this Agreement.

3. **General Release of All Claims by EMPLOYEES.**

EMPLOYEES voluntarily and irrevocably release and forever discharge LUMIX HIBACHI from and against any and all claims, obligations, debts, liabilities, demands, or causes

of action of any kind whatsoever (all collectively referred to herein as the "disputes") with respect to any alleged acts occurring before the effective date of this Agreement. The disputes released by EMPLOYEES include, but are not limited to, any and all disputes against LUMIX HIBACHI concerning EMPLOYEES' employment with or arising from their employment with LUMIX HIBACHI, including, without limitation, claims relating to the Federal Fair Labor Standards Act of 1938, the New York Labor Law §§ 190 *et seq.*, 660 *et seq.*, New York General Business Law § 349, New York Business Corporation Law § 630, Federal and State regulations relating to the FLSA and New York wage-hour and wage-payment laws, and any other federal and state employment-related statutes and regulations, and any other employment-related local ordinance. The disputes released by EMPLOYEES also include any and all disputes they have or may believe to have against LUMIX HIBACHI in contract or at common law, including, but not limited to, breach of oral, written, and/or implied contract, breach of an implied covenant of good faith and fair dealing, quantum meruit and/or unjust enrichment.

4.  **Affirmations By EMPLOYEES.**

a. EMPLOYEES agree that with respect to the claims they are waiving, they are waiving not only their right to recover money or other relief in any action that they might institute, individually or collectively, but also that they are waiving their right to recover money or other relief in any action that might be brought on their behalf, individually or jointly, by any other person or entity, including, but not limited to, the United States Department of Labor, the New York State Department of Labor, the United States Equal Employment Opportunity Commission ("EEOC"), the New York State Division of Human Rights, the New York State Workers' Compensation Board or any other (U.S. or foreign) federal, state, or local

governmental agency, department, or court.

b. As a result of this settlement, EMPLOYEES admit and affirm that they: (i) have had an opportunity to consult their attorney whether this settlement is reasonable and fully satisfies their claims against LUMIX HIBACHI; (ii) have been paid and have received all bonuses, payments, commissions, severance and benefits to which they may have been entitled from LUMIX HIBACHI and that no leave (paid or unpaid) or other compensation is due to them as a result of the settlement; (iii) have been paid in full for all hours worked as a result of the settlement; (iv) have reported all hours that they allegedly worked in their Complaint that they filed with the Eastern District of New York and to LUMIX HIBACHI in connection with the filing of such Complaint; (v) understand that the consideration set forth in Paragraph 1 of this Agreement shall not be considered wages for purposes of pension or any other employment related benefits; and (vi) understand they are not entitled to monies, relief or recovery whatsoever, except as set forth in Paragraph 1 of this Agreement.

c. EMPLOYEES represent, warrant and acknowledge that there are bona fide disputes between LUMIX HIBACHI and EMPLOYEES as to whether EMPLOYEES are entitled to receive unpaid wages or overtime as alleged.

d. EMPLOYEES affirm their understanding that the statute of limitations for any claim they might possess, including under any of the statutes referenced in Paragraph 3 (including the Fair Labor Standards Act), is not tolled by the signing of this Agreement or the negotiations leading up to the formation of this Agreement and continues to run.

e. EMPLOYEES are not Medicare beneficiaries as of the date of this release and no conditional payments have been made by Medicare for any reason whatsoever.

EMPLOYEES agree that nothing contained in this Agreement or otherwise shall constitute or be construed as an admission of any alleged liability or wrongdoing by LUMIX HIBACHI. LUMIX HIBACHI denies that it engaged in any wrongdoing of any kind with respect to EMPLOYEES.

8. **Breach.**

Should a court of competent jurisdiction determine EMPLOYEES breached any term of this Agreement, LUMIX HIBACHI shall no longer have any further obligations to provide EMPLOYEES with any of the consideration specified in this Agreement, and EMPLOYEES shall forfeit and be obligated to return all consideration already provided to them. Further, in connection with this action, LUMIX HIBACHI, QI LIN, MEI YU ZHANG, and JIAN XIONG CHEN shall execute affidavits of confessions of judgment which are annexed hereto as Exhibit B. In the event of a breach of this Agreement by LUMIX HIBACHI for failure to receive the payments set forth in Paragraph 1, EMPLOYEES by their attorney shall send written notice of such breach by e-mail to LUMIX HIBACHI's counsel, Franklin, Gringer & Cohen, P.C, 666 Old Country Road, Suite 202, Garden City, New York 11530, Attn: Joshua Marcus, Esq. Upon notice of such breach, LUMIX HIBACHI shall have five (5) business days to cure such breach. If such breach is not cured within five (5) business days, EMPLOYEES shall be permitted to file the confessions of judgment in a Court of competent jurisdiction in the amount of $42,500.00, and attorneys' fees and interest, less amounts previously paid by LUMIX HIBACHI pursuant to this Agreement.

9. **Advice of Counsel.**

All parties acknowledge that they have had an opportunity to receive advice about the

terms and legal effects of this Agreement from counsel of their choosing. EMPLOYEES hereby represent that they have consulted their attorney(s) about this Agreement before signing it.

10. Severability.

Should any part of this Agreement be declared by a court of competent jurisdiction to be illegal or invalid, the remainder of this Agreement shall remain valid and in effect, with the invalid provision deemed to conform to a valid provision most closely approximating the intent of the invalid provision, or, if such conformity is not possible, then the invalid provision shall be deemed not to be a part of this Agreement.

11. Governing Law and Interpretation.

This Agreement shall be governed by and construed in accordance with the laws of the State of New York. Its language shall be construed as a whole, according to its fair meaning, and not strictly for or against either party, regardless as to which party may have drafted the language in question.

12. Disputes; Damages.

In the event of a dispute as to the interpretation, application, or violation of this Agreement, it is understood and agreed that such dispute shall be resolved before the United States District Court, Eastern District of New York. The parties agree that any such dispute shall be resolved by a judge, not by a jury. Neither party shall be entitled to an award of compensatory, exemplary, or punitive damages in any dispute that might arise under this Agreement.

13. Waiting Period, Right of Revocation, Effective Date.

EMPLOYEES acknowledge that they have been provided with a reasonable period of

time within which to consider this settlement and to decide whether to execute this Agreement, and that they have been given the opportunity and, in fact, have consulted with an attorney. The effective date of this Agreement is the date on which EMPLOYEES sign this Agreement.

14. **Entire Agreement.**

All parties represent and agree that they are not relying on any representations, promises, statements, or agreements not contained in this Agreement. All parties represent and agree that this is an all-inclusive Agreement and that no other written, oral, and/or implied representations, promises, or agreements exist between them regarding the subject matter set forth in this Agreement. All parties represent and agree that this Agreement is a single, integrated contract expressing the entire agreement of the parties regarding the subject matter of this Agreement. This Agreement cannot be modified, amended, terminated, or otherwise changed unless it is done so pursuant to a written document signed by both EMPLOYEES and representatives of LUMIX HIBACHI.

15. **Translation.**

EMPLOYEES acknowledge that they have received a copy of this Settlement Agreement in their regularly spoken language.

EMPLOYEES state that their attorneys' fees and expenses are paid, and there will be no further or separate claim for attorneys' fees or expenses.

THE SIGNATORIES HAVE CAREFULLY READ THIS ENTIRE SETTLEMENT AGREEMENT AND GENERAL RELEASE. THE PARTIES HAVE BEEN REPRESENTED BY COUNSEL THROUGHOUT THE NEGOTIATION OF THIS AGREEMENT AND HAVE CONSULTED WITH THEIR ATTORNEYS BEFORE

SIGNING THIS AGREEMENT. THE PARTIES FULLY UNDERSTAND THE FINAL AND BINDING EFFECT OF THIS AGREEMENT. THE ONLY PROMISES OR REPRESENTATIONS MADE TO ANY SIGNATORY ABOUT THIS AGREEMENT ARE CONTAINED IN THIS AGREEMENT.

HAVING ELECTED TO EXECUTE THIS SETTLEMENT AGREEMENT AND GENERAL RELEASE, TO FULFILL THE PROMISES SET FORTH HEREIN, AND TO RECEIVE THEREBY THE SETTLEMENT SUM AND BENEFITS SET FORTH IN PARAGRAPH ONE ABOVE, EMPLOYEES FREELY AND KNOWINGLY, AND AFTER DUE CONSIDERATION, ENTER INTO THIS SETTLEMENT AGREEMENT AND GENERAL RELEASE INTENDING TO WAIVE, SETTLE, AND RELEASE ALL CLAIMS THEY HAVE OR MIGHT HAVE AGAINST LUMIX HIBACHI.

THE PARTIES ARE SIGNING THIS AGREEMENT VOLUNTARILY AND KNOWINGLY.

THIS IS A LEGAL DOCUMENT - READ CAREFULLY BEFORE SIGNING.

_cheng chen_
CHENG CHEN

Date:

Sworn to and subscribed before me this
22nd day of December, 2015.

JIAN HANG
NOTARY PUBLIC-STATE OF NEW YORK
No. 02HA6280171
Qualified in Queens County
My Commission Expires April 22, 201_7_

Notary Public, State of New York

Print Name: Jian Hang

_Fan Chao Zeng_
FAN CHAO ZENG

Date: 12/21/2015

Sworn to and subscribed before me this
21st day of December, 2015.

Notary Public, State of New York

Print Name: Jian Hang

> JIAN HANG
> NOTARY PUBLIC-STATE OF NEW YORK
> No. 02HA6280171
> Qualified in Queens County
> My Commission Expires April 22, 20[17]

LUMIX HIBACHI INC.
By: Lin Qi
Date: 12/17/2015

Sworn to and subscribed before me this
17th day of December, 2015.

Notary Public, State of New York

Print Name:

> JOSHUA A. MARCUS
> NOTARY PUBLIC, State of New York
> No. 02MA6085921
> Qualified in Nassau County
> Commission Expires Jan. 13, 20[18]

Notary Public, State of New York

Print Name:

-11-

**QI LIN**

Date: 12/17/2015

Sworn to and subscribed before me this
17th day of December , 2015.

Notary Public, State of New York

Print Name:

JOSHUA A. MARCUS
NOTARY PUBLIC, State of New York
No. 02MA6085921
Qualified in Nassau County
Commission Expires Jan. 13, 20 19

-12-

_____
MEI YU ZHANG

Date: 12/17/15

Sworn to and subscribed before me this
17th day of December, 2015.

JOSHUA A. MARCUS
NOTARY PUBLIC, State of New York
No. 02MA6085921
Qualified in Nassau County
Commission Expires Jan. 13, 20__

Notary Public, State of New York

Print Name:

_____
JIAN XIONG CHEN

Date: 12/17/2015

Sworn to and subscribed before me this
17th day of December, 2015.

Notary Public, State of New York

Print Name:

JOSHUA A. MARCUS
NOTARY PUBLIC, State of New York
No. 02MA6085921
Qualified in Nassau County
Commission Expires Jan. 13, 20__

-13-

## EXHIBIT A